1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ERICK EFRAIN ALEMAN, | ) | Case No.: 1:11-cv-02006 AWI JLT |
| | ) | |
| Plaintiff, | ) | ORDER DENYING AS MOOT EX PARTE |
| | ) | REQUEST FOR AN EXTENSION OF TIME TO |
| v. | ) | DISCLOSE EXPERTS |
| | ) | |
| CITY OF BAKERSFIELD, et al., | ) | (Doc. 21) |
| | ) | |
| Defendants. | ) | |

---

**I.     Background**

Plaintiff alleges that on December 18, 2009, he was being followed by police officers while he was driving in an area of Bakersfield, California.  (Doc. 1 at 4)  He claims that when he arrived at his destination—a private residence—he entered and was followed by Defendant-police officers, Ronk and Berchtold, who beat him and arrested him.  Id.  Upon this factual scenario, he alleges claims of excessive force, unlawful arrest, unlawful racial profiling, malicious prosecution and conspiracy. (Doc. 1 at 8-23)

On April 9, 2012, the Court issued its scheduling order which was modified at the request of the parties on October 9, 2012.  (Docs. 12, 17)  In the amendment, the Court ordered experts to be disclosed no later than April 12, 2012 and rebuttal experts to be disclosed no later than April 26, 2012.

1

1   (Doc. 17 at 3)  However, this was about two weeks less than the extension sought by counsel.  (Doc.

2   17 at 2, 3)

3          On April 22, 2013, Plaintiff filed the instant motion seeking an extension of time within which

4   to disclose his experts.  (Doc. 21)  Plaintiff's counsel, Mr. Thompson, explained that, due to his very

5   heavy trial schedule, he was unable to devote much attention to this case from early March to mid-

6   April.  Id. at 3.  Further complicating the situation, Mr. Thompson failed to appreciate the Court's

7   order amending the scheduling order in October 2012, did not afford the parties the full amount of

8   time they sought in their stipulation, to make their expert disclosures.  Id.  Thus, on April 19, 2013, as

9   soon as he realized his error, Mr. Thompson contacted Defendant's counsel, Mr. Marderosian, and

10  sought an extension of time.  Id. at 4.  Mr. Marderosian agreed to allow the disclosure to be late but not

11  later than April 23, 2013.  Id.  Because this was still not enough time for Mr. Thompson to make the

12  disclosure, he filed the instant motion.  Id.  In the motion, counsel sought an extension of time until

13  June 7, 2013 to make the disclosure. Id.  However, in his recently-filed reply, Mr. Thompson reports

14  the expert disclosure was served by overnight mail on May 6, 2013.  (Doc. 24 at 2)

15          Because Plaintiff indicated in his motion the Defendants would not stipulate to the

16  modification, the Court ordered briefing.  (Doc. 22)  On May 3, 2012, Defendants opposed the motion.

17  (Doc. 23)  In their opposition, Defendants note the Court refused to extend the deadlines for expert

18  disclosure to the full amount of time sought in their October 2012 stipulation.  Indeed, though granting

19  the extension of time, it reduced the extension from about ten weeks, to about eight.  (Doc. 17 at 2, 3)

20  Defendants argue also that Mr. Thompson's failure to obtain an expert during the interval after the

21  Court amended the scheduling order, does not demonstrate the diligence needed to support a request to

22  amend it now. (Doc. 23 at 5)

23          In addition, Defendants argue the Court should preclude Plaintiff from offering expert

24  testimony at trial but argue, alternatively, if the Court allows the late disclosure, all remaining case

25  schedule dates should be extended.  (Doc. 23 at 5)  Exactly why this should occur is not explained.

26  Defendants note that their motion for summary judgment is due on March 13, 2013 and assert this late

27  disclosure impacts the motion (Id.), although, again, how the late disclosure impacts the motion is not

28                                                        2

1    explained.

2    **II.      Legal Authority**

3             Rule 26(a)(2) provides that a party must disclose the identity of any expert witness he intends

4    to use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  These disclosures must be made at the times and in the

5    sequence that the court orders.  Fed. R. Civ. P. 26(a)(2)(C).  In this case, the Court issued a scheduling

6    order which set forth the dates by which certain case activity—including expert disclosure—would

7    occur.  (Doc.

8             Scheduling orders "are at the heart of case management," <u>Koplve v. Ford Motor Co.</u>, 795 F.2d

9    15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems.  <u>Johnson v.</u>

10   <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order "is not a

11   frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."  <u>Id</u>. at 610.

12   Furthermore, the Ninth Circuit states, "Rule 16 . . . recognizes the inherent power of the district court

13   to enforce its pretrial orders through sanctions."  <u>Goddard v. United States Dist. Court</u>, 528 F.3d 652,

14   657 (9th Cir. 2008).  Consequently, a party's failure to comply with a scheduling order "exposes [the]

15   party to 'any just orders,' as determined by the district judge, including dismissal, entry of default or

16   contempt of court."  <u>Id</u>., citing Fed. R. Civ. P. 16(f), 37(b)(2).

17            Despite Mr. Thompson's position that the expert disclosure made recently is consistent with

18   the Federal Rules of Civil Procedure—being more than 90 days before trial—he ignores that this time

19   frame applies *only if* the Court does not set a deadline.  Here, the Court's scheduling order required the

20   parties to make their disclosures as set forth therein and the Court admonished the parties that their

21   failure to comply with the scheduling order "may result in the Court excluding the testimony or other

22   evidence offered through such experts that are not disclosed pursuant to this order."  (Doc. 12 at 2)

23            This admonition was consistent with Fed. R. Civ. P. 37(c)(1) which provides, "If a party fails

24   to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to

25   use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

26   failure was substantially justified or is harmless."  Rule 37(c)(1) "gives teeth" to the disclosure

27   requirements.  <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

28                                                                3

1   The sanction is "self executing . . . and automatic to provide a strong inducement for disclosure of

2   material . . . ."  Id. at 1106 (citations and internal quotation marks omitted).

3          Here, undoubtedly, Plaintiff has failed to comply with the scheduling order.  He served his

4   expert disclosure 24 days after the deadline.  As explanation, his counsel explains that due to his heavy

5   trial schedule—including three felony trials—he simply was unable to devote the necessary time to

6   discovery efforts.  The Court is aware that criminal matters oftentimes do not proceed to trial or do not

7   proceed to trial as originally scheduled.  Often, this leads to the multiple trials being scheduled back-

8   to-back based upon the usually correct assumption that not all of the trials will go forward.  However,

9   on occasion the "perfect storm" hits and cases do not settle or are not continued and counsel is forced

10  to try more cases in a limited time than was ever anticipated.  Despite the Court's significant sympathy

11  for this circumstance, the failure to begin seeking an expert until less than 60 days before the

12  disclosure date carries with it the great likelihood that the disclosure cannot occur on time.  Notably,

13  Mr. Thompson fails to explain why he had not sought out his expert earlier in the litigation such that

14  his trial schedule would not preclude a timely expert disclosure.[1]  Thus, the Court does not find

15  Plaintiff's failure to disclose his expert in a timely fashion to be substantially justified.

16         However, though Defendants claim the late disclosure is "highly prejudicial" (Doc. 23 at 5),

17  they provide no facts upon which the Court can rely to come to this same conclusion.  The Court

18  recognizes and appreciates the diligence of Defendants in completing their discovery in a timely

19  fashion.  However, absent some reason to believe the disclosure impacts the content of the summary

20  judgment motion, their preparation for trial or otherwise, the Court has no basis upon which to

21  conclude Plaintiff's failure to disclose his expert timely is anything but harmless.[2]

22  ///

23  ///

24

25  _____

    [1] The assertion that Mr. Thompson failed to appreciate the disclosure date was two-weeks sooner than he had thought,
26  speaks to inadvertence.  However, Mr. Thompson is quite forthright that he was not prepared to the make the disclosure
    even if it occurred two weeks later.
27  [2] The Court is mindful also the disclosure was served only 13 days later than the day Defendants' counsel was willing to
    accept it without objection.

28                                                         4

**ORDER**

Based upon the foregoing, the Court finds Plaintiff's failure to disclose his expert in a timely manner was not substantially justified.  However, the Court concludes Plaintiff's failure is harmless. Given this, the Court **ORDERS**:

1.      The motion to amend the scheduling order to extend time to make expert disclosures is **DENIED** as **MOOT;**

2.      Defendants SHALL make their rebuttal expert disclosure, if any, no later than May 22, 2013.  If a rebuttal expert is disclosed and Plaintiff wishes to take this expert's deposition, he may do so no later than 21 days from the date the rebuttal expert disclosure is **served**;

3.      Defendants SHALL complete their expert discovery no later than June 5, 2013. Plaintiff SHALL NOT have any additional time to take the deposition of Defendants' expert, if this has not yet occurred;

4.      No other modifications to the scheduling order are authorized.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE